IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SAMUEL BELL JR., RANDOLPHE ALVIN BELL SR. (SUCCESSOR TO THE ESTATE OF SAMUEL BELL JR.),<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT L. ROSE, CITY OF SACRAMENTO DEPARTMENT OF NEIGHBORHOODS, PLANNING AND DEVELOPMENT SERVICES CODE ENFORCEMENT, et al.,<br><br>Defendants.<br>_____/ | No. CIV S-06-2468 FCD GGH PS<br><br><br>ORDER<br>and<br>FINDINGS AND RECOMMENDATIONS |

Previously pending on this court's January 18, 2007 law and motion calendar was defendant City of Sacramento's December 5, 2006 motion to remand Sacramento County Superior Court Case No. 06AS04002, removed by plaintiff to this court on November 6, 2006; defendant also seeks attorney fees. Also pending is plaintiff's application to proceed in forma pauperis based upon a separate complaint filed in this court on November 6, 2006. Plaintiff appeared at the hearing and represented himself; defendant was represented by Michael Fry;[1]

---

[1] The court will refer to the parties as designated in the federal complaint, i.e., Randolphe Alvin Bell Sr., as plaintiff, and City of Sacramento as defendant, notwithstanding the reversal of

1

1  state court defendant Lionel Bell appeared on his own behalf.

2  These matters are referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21)
3  and 28 U.S.C. § 636(b)(1).

4  BACKGROUND

5  On November 6, 2006, plaintiff filed a complaint, an application to proceed in
6  forma pauperis, and a notice of removal of Sacramento County Superior Court Case No.
7  06AS04002.  The complaint also includes plaintiff's "request" this court "join" Sacramento
8  County Superior Court Case No. 05AS04706.

9  All actions involve a single parcel of real property located in Del Paso Heights,
10 California, and bearing the residential addresses 1213 Roanoke Avenue (a single family
11 dwelling) and 3700 Clay Street (a four-unit apartment building).  The multi-family unit is the
12 subject of state court action Case No. 06AS04002, which the City filed on September 20, 2006.
13 The complaint names "all eleven persons or their estates who were listed on title as owners of the
14 property as well as Randolphe Alvin Bell, Sr. [federal plaintiff herein] who maintained he has an
15 interest in the property" although he is not listed as a record owner.  City's Memorandum, at p. 2;
16 Declaration of Michael A. Fry ("Fry Decl.") at p. 2.  The complaint states causes of action for
17 abatement of a public nuisance under California Civil Code §§ 3479 and 3480 and Sacramento
18 City Code §§ 8.04.100, 8.96.060 and 8.100.110, and seeks appointment of a receiver pursuant to
19 California Health and Safety Code section 11980 et seq.  The City asserts that the subject
20 property is in a state of disrepair and inadequately maintained, and that defendants have ignored
21 notices of code violations since 2003, resulting in "serious substandard living conditions" that
22 "threaten the health, safety and welfare" of property tenants, neighbors and visitors.  Fry Decl., at
23 p. 3.
24 \\\\\

25 _____

26 these designations in the state action underlying the instant motion to remand.

2

The City moves to remand Case No. 06AS04002 based on defective removal and lack of federal jurisdiction.

Plaintiff's federal complaint for inverse condemnation states that plaintiff is "the owner of record as tenant in common" of the subject property and uses the property "as his familial homestead."[2] The complaint states that in 1999 a lis pendens was filed against a portion of the property under the power of eminent domain; a lis pendens was filed against the remaining property in 2003.[3] In 2005, a notice of summary ejectment was issued and utilities ordered disconnected. On October 19, 2005, plaintiff filed a state court action against the same defendants named herein alleging trespass, slander of title, and inverse condemnation (Case No. 05AS04706). Plaintiff alleges generally that defendants improperly proceeded in state court, ignored a permanent injunction placing plaintiff in control of the subject property,[4] and are thereby violating plaintiff's "rights to be free from unreasonable searches, excessive penalties, and expropriation of property." Plaintiff asserts this court has jurisdiction over his federal complaint (apparently based on 42 U.S.C. § 1983 and the Fifth Amendment Takings Clause, applicable to the states through the Fourteenth Amendment), and seeks both damages and a permanent injunction requiring defendants to abandon their state court actions.

/ / / /

/ / / /

---

[2] Plaintiff states that his father homesteaded the property on August 8, 1962, and plaintiff obtained "legal right of possession and use of the Subject Property vested by right of Succession on April 10, 1987."

[3] However, the City states that "Contrary to the assertion in Bell's Notice of Removal, the City has not asserted any eminent domain or condemnation proceedings." City's Memorandum, at pp. 2-3.

[4] Plaintiff has attached to his complaint a purported copy of the complaint in the initial action (Case No. 05AS04706); however, the complaint is not file endorsed nor does it bear any other indicia of authenticity. Plaintiff has also submitted what appears to be a file endorsed copy of a "Perminant [sic] Injunction" issued by the Superior Court on September 21, 2005 in Case No. 05AM05077.

ANALYSIS

MOTION TO REMAND SUPERIOR COURT CASE NO. 06AS04002

## ANALYSIS

### MOTION TO REMAND SUPERIOR COURT CASE NO. 06AS04002

A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

Remand of Sacramento County Superior Court Case No. 06AS04002 is required because removal was untimely, was not brought by all properly joined and served defendants, and the complaint does not establish this court's federal jurisdiction.

The court initially notes that plaintiff failed to comply with the requirements of 28 U.S.C. § 1446(a) that a notice of removal include "a copy of all process, pleadings, and orders served upon such defendant." Plaintiff filed only a two-page Notice of Removal. A copy of the state court complaint has been provided by the City. Fry Decl., Exh. 1.

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b); see Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992) (untimely removal is a procedural defect). Process was served upon plaintiff as defendant in Case No. 06AS04002 on October 2, 2006. Thirty days thereafter was Wednesday, November 1, 2006. Plaintiff's notice of removal, filed in

\\\\\

4

this court on November 6, 2006, was therefore untimely.[5]  Except in class action matters, see Abrego v. Dow Chemical, 443 F.3d 676, 681-682 (9th Cir. 2006), all defendants must join a notice of removal provided they are properly joined and served in the action.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (citations omitted); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998).  Plaintiff's Notice fails to identify any other defendants in the underlying case, all of whom the City has demonstrated have been properly joined and served.  One of those defendants, Lionel Bell, filed a Statement of Nonopposition to the City's Motion to Remand and appeared at the hearing to reiterate his position.[6]  The failure of all defendants to join in the removal of Case No. 06AS04002 renders it procedurally defective.

Finally, the state complaint asserts no cause of action that directly involves the application or construction of federal law; rather, the abatement and receivership causes of action are matters of state law and the action could not have been originally filed in federal court.[7] Since removal of a state court action is proper only if the action could have been originally filed in federal court (28 U.S.C. § 1441(a)),[8] removal of Sacramento County Superior Court Case No.

---

[5] Under the "first-served" rule noted in United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 762-763, n. 4 (9th Cir. 2002), and relied upon by the City, the notice of removal was even more untimely – the first defendant was served on September 27, 2006.

[6] The City notes that Lionel Bell has pursued independent legal proceedings to gain control of the ownership, management and maintenance of the subject property. Fry Decl., at p. 4.

[7] Nor, as the City points out, can this court's jurisdiction be established based upon diversity of citizenship. All parties are citizens of California. See 28 U.S.C. § 1441(b) ("Any other [non- federal question] action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.")

[8] "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). "[A] state claim arises under federal law if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question. . . . [A] case may also arise under federal law where the vindication of a right under state law necessarily turns on some

1  06AS04002 was improper.

2  Accordingly, the court will recommend that the City's motion to remand
3  Sacramento County Superior Court Case No. 06AS04002 be granted.

4  REQUEST TO "JOIN" SUPERIOR COURT CASE NO. 05AS04706

5  Pursuant to his Notice of Removal and as set forth in his complaint, plaintiff
6  "requests" that this court "join" Sacramento County Superior Court Case No. 05AS04706, filed
7  by plaintiff on October 19, 2005. Such request must be denied, as only a defendant may seek
8  removal of a state court action to a federal district court. 28 U.S.C. § 1446(a). In addition,
9  plaintiff withdrew this request at the hearing on January 18, 2006, stating the action was no
10 longer outstanding.

11  FEDERAL COMPLAINT

12  1. In Forma Pauperis Application

13  As a preliminary matter, the court considers plaintiff's application to proceed in
14  forma pauperis on his federal complaint. Plaintiff makes his request pursuant to 28 U.S.C.
15  § 1915, and has submitted an affidavit demonstrating he is unable to prepay fees and costs or
16  give security for them.[9] Since plaintiff meets the requirements of 28 U.S.C. § 1915(a)(1), his
17  application to proceed in forma pauperis will be granted and the filing fee waived.

18  2. Complaint Must be Dismissed

19  The determination that plaintiff may proceed in forma pauperis does not complete
20  the required inquiry under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the court is
21  directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the
22  action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

construction of federal law." Berg v. Leason, 32 F.3d 422, 423 (9th Cir. 1994) (citations and internal quotations omitted).

[9] In his affidavit, plaintiff states he is not currently employed, has no cash or bank accounts, and no source of income, but owns real property as a "tenant in common, with interest in house and condemned 4-plex apartment;" this property is the subject of this action.

monetary relief against an immune defendant. Plaintiff's federal complaint fails to state a claim on which relief may be granted, as the matters are not ripe for this court's review.

A complaint for inverse condemnation is not ripe for federal adjudication until all state administrative and judicial procedures for seeking just compensation have been exhausted, or unless plaintiff can demonstrate such state remedies are unavailable or inadequate. Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S. Ct. 3108 (1985); Carson Harbor Village, Ltd. v. City of Carson, 353 F.3d 824 (9th Cir. 2004). While this federal abstention can result in a "Catch 22," because res judicata prevents relitigation of issues (in this case, in federal court) that were litigated or could have been litigated in a prior action (state court), that is nonetheless the rule. See San Remo Hotel, L.P. v. City and County of San Francisco, 545 U.S. 323, 125 S. Ct. 2491 (2005).

Accordingly, the court will recommend dismissal of plaintiff's federal complaint for lack of jurisdiction (ripeness).

ATTORNEY FEES

The City seeks $1,800.00 attorney fees pursuant to 28 U.S.C. 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Although bad faith need not be shown for an award of fees and costs under § 1447(c), the court must assess the reasonableness of the attempted removal. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446-47 (9th Cir. 1992). An award of fees under this statute is not intended as a punitive measure but as reimbursement for unnecessary litigation costs. Id., at 447.

The City states that it sought informal resolution of this matter, sending plaintiff a letter on November 15, 2006, detailing the defects of his notice of removal and asking for voluntary remand. Plaintiff neither responded to the City nor voluntarily remanded, causing the City additional expenses. The City's attorney represents that he devoted twelve hours to this matter and seeks compensation at the hourly rate of $150, noting that his normal billing rate

ranges from $150 to $225 per hour.

At the hearing, plaintiff stated that his intent in seeking removal was to consolidate all matters concerning the subject property. In light of plaintiff's pro se status, the court finds his rationale reasonable. Accordingly, the court will not award attorney fees.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The November 6, 2006 request of plaintiff herein (as set forth in his federal complaint), to "join" Sacramento County Superior Court Case No. 05AS04706, is denied; and

2. Plaintiff's November 6, 2006 application for leave to proceed in forma pauperis on his federal complaint is granted.

In addition, IT IS HEREBY RECOMMENDED that:

1. The motion to remand Sacramento County Superior Court Case No. 06AS04002, filed on December 5, 2006 by the City of Sacramento, be granted; and

2. Plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/9/07                                      /s/ Gregory G. Hollows

                                                   _____
                                                   GREGORY G. HOLLOWS
                                                   U. S. MAGISTRATE JUDGE

GGH5:Bell2468.ord.f&r